AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | ) |
|---|---|
| USA    v.   SAGASTUME | ) Case No: 2:20-cr-00015-JPH-CMM-2 |
| Date of Original Judgment: 06/28/2023 | ) USM No: Reg. NO. 14379-509 |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | ) Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  06/28/2023  shall remain in effect.
**IT IS SO ORDERED**.

Date: 5/15/2024                    *James Patrick Hanlon*
                    James Patrick Hanlon
                    United States District Judge
                    Southern District of Indiana

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cr-00015-JPH-CMM |
| ) | |
| HARLIN CAZUM SAGASTUME, ) | -02 |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Harlin Cazum–Sagastume has filed two motions to reduce her sentence under Amendment 821 to the United States Sentencing Guidelines, which retroactively lowered the sentencing guidelines calculation for some defendants. Dkt. 144; dkt. 150 (amended motion).

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Motions for sentence reductions under § 3582(c)(2) are evaluated in "a two-step inquiry." *Dillon*, 560 U.S. at 826–27. First, the district court must determine whether the reduction is permissible under the amended guidelines. *Id.* If that first step is satisfied, the district court must consider "any applicable § 3553(a) factors and determine whether,

1

in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case." *Id.*

Here, Ms. Cazum–Sagastume seeks a reduction under Amendment 821 Part B, which decreases the offense level "for certain zero-point offenders." Dkt. 144; dkt. 150 at 2; USSG §4C1.1(a). The government responds that while Ms. Cazum–Sagastume is a "zero-point offender," she does not qualify for a sentence reduction because her sentence was lower than her reduced guidelines range would be. Dkt. 152.

Ms. Cazum–Sagastume's guidelines range was 70 to 87 months, and she was sentenced to 27 months' imprisonment. Dkt. 135 at 16; dkt. 138. Amendment 821's zero-point offender reduction would decrease her offense level by two levels, USSG §4C1.1(a), which would result in a guidelines range of 57 to 71 months, USSG §5A (sentencing table). The guideline governing sentence reductions, however, does not allow the Court to reduce a term of imprisonment "to a term that is less than the minimum of the amended guideline range." USSG §1B1.10(b)(2)(A). That prevents a sentence reduction here since Ms. Cazum–Sagastume's 27-month sentence is lower than the 57 months that is the low end of the amended guidelines range.

Ms. Cazum–Sagastume therefore is not eligible for a sentence reduction under *Dillon*'s first step, and her motions are **DENIED**. Dkt. [144]; dkt. [150].

**SO ORDERED.**

Date: 5/15/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

All electronically registered counsel

Harlin Cazum-Sagastume
Reg. No. 14379-509
FPC Alderson
Federal Prison Camp
Glen Ray Road, Box A
Alderson, West Virginia 24910